# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD
    Plaintiff/Affiant                    Case No. 3:15-cv-932-J-39MCR

vs.

GOVERNOR RICK SCOTT &         JURY TRIAL REQUESTED
ATTORNEY GENERAL PAM BONDI
STATE OF FLORIDA CHIEF LEGAL OFFICER
    Defendants          /

July 25th, 2015

## SWORN AFFIDAVIT REGARDING THE GROUNDS OF PLAINTIFF'S, ROBERT CRAIG MACLEOD, 42 USC § 1983 LAWSUITS

**UNDER PENALTIES OF PERJURY**, Plaintiff, ROBERT CRAIG MACLEOD, declares that plaintiff has read and understood plaintiff's affidavit dated July 25th, 2015, and, that the facts stated in it are true, consistent and documented (in the appendices, the evidence of record).

**FURTHER AFFIANT SAYETH NOT** Executed this 25th day of July, 2015

*[signature]*

ROBERT CRAIG MACLEOD, Affiant, Plaintiff, *Forma Pauperis Pro Se*
34 Russman Lane
Palm Coast, FL 32164

(386) 334-0864

*[FILED stamp: 2015 JUL 29 PM 1:50 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE, FLORIDA]*

# SWORN AFFIDAVIT REGARDING THE GROUNDS OF PLAINTIFF'S, ROBERT CRAIG MACLEOD, 42 USC § 1983 LAWSUITS

**COMES NOW**, Plaintiff, Robert Craig MacLeod, and states:

1) **Appendix 1** shows plaintiff's, ROBERT CRAIG MACLEOD, May 10th, 2013, notice of impending 42 USC § 1983 lawsuit purporting constitutional challenges to the state court proceedings for his four counterclaims and four claims all seeking remedy at law.

2) **Appendix 2** shows just three day later, on May 13th, 2013, the 7th Circuit retaliated by dismissing all ROBERT CRAIG MACLEOD's four ongoing counterclaims and four ongoing claims from the state court forum citing Fla. Stat. 68.093; and, directing the Flagler County Clerk not to file any of ROBERT CRAIG MACLEOD's filings including appeals.

> However, Florida's vexatious litigant statute, Fla. Stat. 68.093(4), does not permit the dismissal of an ongoing claim. [Verified by *Walker v. Ellis*, 989 So.2d 1250, 1251, 1252 (Fla. 1st DCA 2008); and, *Walker v. McNeil*, 2 So. 3d 1068, 1069 (Fla. 1st DCA 2009)]

3) This order was issued without a hearing or jury trial (as demanded) or examination of evidence allowing the circuit court to exercise tyrannical control over all plaintiff's matters without the checks and balances of a jury trial permitting federal constitutional violations; and, declaring Floridian statutes and provisions of the state and federal constitutions invalid.

4) Florida's vexatious litigant statute, Fla. Stat. 68.093(4) was applied uniquely against "ongoing" concerns of the plaintiff and without a hearing or jury trial showing a violation of plaintiff's fundamental right to equal protection under the law; i.e. "due process"

5) **Appendix 3** shows just several weeks later, on June 5th, 2013, the Flagler County Clerk's refusal to accept plaintiff's 42 USC § 1983 constitutional challenges in the state court forum; thusly, disavowing its independence as a public trustee, as an independent elected official of Flagler County, claiming restriction by the court order of Appendix 2.

6) Indeed, all eight of plaintiff's claims and counterclaims were dismissed "uniquely" (in violation of what is permitted under Fla. Stat. 68.093(4)) in one fell swoop without any opportunity to redress for damages or appeal the order.

7) The repercussions of the defendant's conduct permitted violations of plaintiff's fundamental rights provisioned by the 14th Amendment to include (1) protection from warrantless false arrest without probable cause, (2) protection from unreasonable seizure of property, (3) protection from age, gender and religious employment discrimination, (4) trial by jury for civil actions seeking legal remedy at law, (5) right to privacy, (6) equal protection under the laws, and, (7) due process protection of liberty and property (i.e., one's right to equal fair and legitimate procedures and protections); *et al.*

**UNDER PENALTIES OF PERJURY**, Plaintiff declares that plaintiff wrote the foregoing and that it is completely and verifiably true.
**FURTHER AFFIANT SAYETH NOT** Executed this 25th day of July, 2015

*[signature]*

ROBERT CRAIG MACLEOD, Affiant, Plaintiff, *Forma Pauperis Pro Se*
34 Russman Lane
Palm Coast, FL 32164

(386) 334-0864

# INDEX TO APPENDICES

APPENDIX 1: May 10th, 2013, Letter Notice to Supreme Court of ROBERT CRAIG MACLEOD'S Impending 42 USC § 1983 Lawsuit Purporting Constitutional Challenges to the State Court Proceedings

APPENDIX 2: May 13th, 2013, 7th Circuit Order dismissing all ROBERT CRAIG MACLEOD's four ongoing Counterclaims and four ongoing Claims from the State Court Forum citing Fla. Stat. 68.093; and, directing the Flagler County Clerk not to file any filing of ROBERT CRAIG MACLEOD.

APPENDIX 3: June 5th, 2013, Letter from Flagler County Clerk Denying Filing of 42 USC § 1983 Lawsuit for Constitutional Challenges to the Proceedings in the State Court Forum

Appendices

# APPENDIX 1

## May 10th, 2013, Letter Notice to Supreme Court of ROBERT CRAIG MACLEOD'S Impending 42 USC § 1983 Lawsuit Purporting Constitutional Challenges to the State Court Proceedings

| | |
|---|---|
| ROBERT CRAIG MACLEOD<br>      Appellant<br>v.<br><br>CITIBANK, (SOUTH DAKOTA) N.A., et al.,<br>_____Appellees_____/ | SC13-0071<br><br><br><br>5th DCA: 5D12 CA 000665<br>7th CIRCUIT: 2010 CA 002193; et al. |

May 10th, 2013

Chief Justice Charles T. Canady
Supreme Court of the State of Florida
500 South Duval Street
Tallahassee FL 32399-1927

Sub.: Impending 42 USC § 1983 Action against the State of Florida

Dear Hon. Chief Justice Charles T. Canady,

   Appellant seeks to avoid an action against the State of Florida.
   However, Appellant intends to file a 42 USC § 1983 action for injunctive relief (i.e., a hearing before a neutral tribunal) against the State of Florida for chronic disregard of Appellant's entitlements secured under 1983 regarding the case sub judice.
   The chronic due process error is readily apparent from the record proper and the order of the 7th Circuit Court issued with prejudice without a hearing, review of the evidence or an order providing opportunity for amendment.
   The due process entitlements denied by the record and order are as follows:
   • Fla. R. Civ. P. 1.540(b)(4) [Fed. Rule 60(b)(4)] Affirmed by *Viets v. Am. Recruiters Enters, Inc.*, 922 So. 2d 1090 (Fla. 4th DCA 2006); *et al*: An order is void without a real opportunity to be fairly and meaningfully heard.
       The 7th Circuit held a *shotgun hearing-*[1] on November 9th, 2011 where the trial judge enjoined the Appellees to answer the amended complaint. Subsequently, the Appellees provided motions to dismiss purporting the complaint needed to be individually pled. No hearing was held regarding joint vs. individual liability of the Appellees. Incomprehensibly, the order with

---

[1]   A *shotgun hearing* is where the court demands a party appear to face all opposing parties, all proceedings, at the same instance giving preferential advantage to opposing counsel; rather than staggering hearings as required in *National Football League Players Assoc. v. Office and Prof. Employees Intern. Union, Local 2*, 947 F. Supp. 540, 545 (D.D.C.1996); citing, *Board of Education v. Farmingdale Classroom Teachers Assoc.*, 38 N.Y.2d 397, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975); where it was found that "refusal to grant staggered hearings was sufficient to support an inference that the process was being perverted to inflict economic harm on the school district."

prejudice was issued against the Appellant without review or mention of Appellant's evidence of record or an order providing an opportunity to amend. Inexplicably, Appellees presented no evidence for their affirmative defense.

The 7th Circuit trial judge and the 5th DCA judges failed to notify the Appellant of their "*work history conflicts of interest*". Therefore, the judgments of the trial court and the 5th DCA PCAs are in excess of jurisdiction. [*Department of Revenue v. Golder*, 322 So. 2d 1 (Fla. 1975), conflicts of interest must be reported to litigants in writing; *Caleffe v. Vitale*, 488 So.2d 627, 629 (Fla. 4th DCA 1986); *Babb v. Edwards*, 412 So.2d 859 (Fla. 1982); *Corie v. City of Riviera Beach*, 954 So. 2d 68 (Fla. 4th DCA 2007), *et al.*; wherein. it was/is found that the *mere suggestion* of a "conflict of interest [bias]" is sufficient to invoke a writ of prohibition. The trial judge denied a motion to disqualify & hearing and the 5th DCA denied prohibiting the trial judge. All judges worked for the opposing party (or counsel) in related cases.

- Fla. R. Civ. P. 1.110(d) [Fed Rule 8(c)] Affirmed by *Victor v. News & Sun Sentinel Company*, 467 So.2d 499, 500 (Fla. 4th DCA 1985); *et al*: Affirmative defenses pled in a motion to dismiss are impermissible. The order purports to be based on Appellees' motion to dismiss espousing unsupported affirmative defenses. Based upon Appellant's evidence, Appellees' tortuous acts were indistinguishable joint acts.

- Fla. R. Civ. P. 1.140(b)(6) [Fed. Rule 12(b)(6)] Affirmed by *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1262 (11th Cir. 2004); *et al*: On a motion to dismiss, the allegations of a complaint must be accepted as true and construed in the light most favorable to the plaintiff. The order disregarded the truthfulness of the allegations of the complaint. The complaint exhibited the evidence of record documenting Appellees' indistinguishable joint acts.

- Fla. R. Civ. P. 1.540(b)(3) [Fed Rule 60(b)(3)] Affirmed by *Southern Bell Tel. and Tel. Co. v. Welden*, 483 So.2d 487 (Fla. 1st DCA 1986); *Huff v. State*, 569 So. 2d 1247 (Fla. 1990); *et al*: The court may relieve a party from final judgment if predicated upon misrepresented (*adding to or deleting from-*[2]) law, pleadings, evidence of record or record proper (fraud); i.e., "a ruling should be

---

[2] ***OMISSION:*** Fraud also includes the intentional omission of a material fact. *Ward v. Atlantic Security Bank*, 777 So.2d 1144, 1146 (Fla. 3rd DCA 2001). *See also Solorzano v. First Union MORTG Corp.*, 896 So.2d 847, 849 (Fla. 4th DCA 2005); *First Union Nat. Bank v. Turney*, 824 So.2d 172, 189 (Fla. 1st DCA 2001), Cited by "Florida Causes of Action", Marc A. Wites

***COMMISSION:*** A positive assertion (1) if made with actual knowledge of its falsity; (2) without knowledge either of its truth or falsity; or, (3) under circumstances in which the person making it ought to have known, if he did not know, of its falsity; is still *FRAUD*. [*Parker v. State of Florida Board of Regents*, 724 So.2d 163, 168 (Fla. 1st DCA 1998); Cited by "Florida Causes of Action", Marc A. Wites]

based on matters that appear of record before the court". The order misrepresented the record proper, communicating the falsity that the Appellant has disregarded a court order. There were no court orders to disregard; the dismissal with prejudice was unsupported.

- Fla. R. Civ. P. 1.420(b) [Fed. Rule 41(b)] Affirmed by *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So.2d 1025, 1027 (Fla. 3d DCA 1981): To move for an involuntary dismissal, the Appellee must show that the Appellant refused to obey a court order. The order misrepresented the record proper, communicating the falsity that the Appellant has disregarded a court order. There were no court orders to disregard; the dismissal with prejudice was unsupported.

Where fundamental due process-[3] error exists the clerk of the court is not authorized by *Stallworth v. Moore*, 827 So.2d 974, 976-77 (Fla.2002) [Or, *Jackson v. State*, 926 So. 2d 1262 (Fla. 2006); *Jenkins v. State*, 385 So. 2d 1356 (Fla. 1980); *Vetrick v. Hollander*, 464 So.2d 552, 553 (Fla. 1985); *Mystan Marine, Inc. v. Harrington*, 339 So.2d 200, 201 (Fla.1976); *Persaud v. State*, 838 So.2d 529, 531-32 (Fla.2003); *Dodi Publishing Co. v. Editorial America, S.A.*, 385 So.2d 1369 (Fla.1980); and, *Jollie v. State*, 405 So.2d 418 (Fla.1981)] to deny Appellant's superlative entitlement to due process (protected by 42 U.S.C. § 1983 articulated as procedural and substantive property interests in the Rules, Statute and Case Law).

These cases do not consider appeals alleging due process violations and consequently are irrelevant to the matter sub judice. These cases have no jurisdictional authority in consideration of the 14th Amendment, 42 U.S.C. § 1983.

There are no Floridian cases that dismiss fundamental due process error purporting jurisdictional lack of authority under Article V, Section 3(b).

As elucidated in *Hillsborough County, Fla. v. Automated Medical Laboratories, Inc.* [471 U.S. 707, 713 (1985)], the U.S. constitution takes priority over State provisions as set forth in the Supremacy Clause (Art. VI, Cl. 2).

The Supreme Court has disregarded the due process error enumerated above and disregarded the U.S. Constitution Supremacy Clause.
Appellant is rightly undeterred to seek his entitlement to due process.

The Supreme Court, 5th DCA, 7th Circuit who under color of authority of state law have deprived the Appellant of his superlative due process property interests secured by the Constitution (articulated as procedural and substantive property interests in the Rules, Statute and Case Law) are each and severally liable to the Appellant who has been injured by denial of due process; i.e., failure to subordinate judicial interests to the

---

[3] Due process property interests are created by "existing rules or understandings that stem from an independent source such as state law--rules or understanding that secure certain benefits and that support claims of entitlement to those benefits." [*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); See also, *Bishop v. Wood*, 426 U.S. 341, 344 (1976)]

superlative authority of Appellant's due process property interests purported in Appellant's appeal; superseding authority of the Floridian Supreme Court's, 7th Judicial Circuit and 5th DCA legally insufficient orders.

The Court is compelled by the U.S. Constitution Supremacy Clause, the superlative 14th Amendment, 42 U.S.C. § 1983 and the subordinate Florida Constitution; to vacate its legally insufficient order of February 27th, 2013 and forward Appellant's appeal for process to the Supreme Court of the State of Florida.

The Appellant seeks to avoid a Federal lawsuit against the State of Florida and awaits the Chief Judge response.

Pursuant to chronic denial of due process entitlements, the Appellant believes he has the necessary support for a 1983 cause of action.

Respectfully,

Robert Craig MacLeod
34 Russman Lane
Palm Coast, FL 32164

(386) 334-0864

cc:   Hon. 7th Circuit Chief Judge William A. Parsons
      Hon. Judge Raul A. Zambrano
      Hon. Hon. Clerk Thomas D. Hall
      Hon. Pamela R. Masters, Clerk
      Hon. Gail Wadsworth, Clerk

# APPENDIX 2:

# May 13th, 2013, Order Dismissing ALL Robert Craig MacLeod's Claims in the State Court Forum

## Fla. Stat. 68.093(4) which does not permit the dismissal of ongoing claims

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
FLAGLER COUNTY, FLORIDA

IN RE:

Pro Se litigant ROBERT MACLEOD

Case no.: 2010 CA 002193 et.al.
See Appendix A of this Order

CIVIL DIVISION:  Judge Raul A. Zambrano

## ORDER DECLARING ROBERT MACLEOD A VEXATIOUS LITIGANT PURSUANT TO SECTION 68.093

WHEREAS, this Court recognizes the fundamental constitutional and statutory rights which require that courts be open to all persons and that individuals have a right to represent themselves. Art. I Section 21, Fla. Const. However, these rights are subject to restriction where a litigant, in a series of cases, has interfered with the normal procedures of the Court by filing irrelevant, impertinent and vexatious pleadings, by wasting the Court's limited resources, and by failing to comply with Court rules. *Martin v. State*, 747 So. 2d 386 (Fla. 2000); *Rivera v. State*, 740 So. 2d 584 (Fla. 1st DCA 1999); *Attwood v. Eighth Circuit*, 667 So. 2d 356 (Fla. 1st DCA 1999); *Lowery v. Kaplan*, 650 So. 2d 114 (Fla 4th DCA 1995); *Peterson v. State*, 530 So. 2d 425 (Fla. 1st DCA 1988), rev. denied, 531 So. 2d 1354 (Fla. 1988); *Platel v. Maguire, Voorhis & Welss, P.A.*, 436 So. 2d 303 (Fla. 5th DCA 1983); see also Section 68.093, Florida Statutes 2011. This Court finds as follows:

1. That *pro se* litigant ROBERT MACLEOD has placed a substantial burden on this Court through his persistent and vexatious filings of frivolous claims or pleadings.

Appendix 2 Page 1 of 8

*Robert MacLeod*
*Order Declaring Robert MacLeod a Vexatious Litigant*

2. That *pro se* litigant ROBERT MACLEOD has filed documents that served no purpose other than harassing the opposing parties at the taxpayer expense.

3. That *pro se* litigant ROBERT MACLEOD has filed lawsuits at least ten (10) times which include numerous filings devoid of arguable legal substance. At least five (5) of these lawsuits have been dismissed unfavorably against *pro se* litigant ROBERT MACLEOD in less than 60 months.

4. That *pro se* litigant ROBERT MACLEOD has sued many defendants including but not limited to (see also Appendix A to this Order):

    a. Gail Wadsworth as Clerk of the Court (see 2011 CA 000349)
    b. Citibank (see 5th DCA case 5D12-665)
    c. State Attorney (see 5th DCA case number 5D12-666)
    d. Flagler County (see 5th DCA case number 5D12-697)
    e. City of Flagler Beach (see 5th DCA case number 5D12-415)
    f. Publix (see 5th DCA case number 5D12-413)
    g. The undersigned as well as other Judges of the 7th Judicial Circuit – including the Chief Judge (see cases 2011 CA 001025 and 2011 CA 001104)

5. That *pro se* litigant ROBERT MACLEOD has appealed to the 5th District Court of Appeal and the Florida Supreme Court and has had his appeals denied in case SC12-1235 and SC12-1587 (Lower tribunal cases

    a. 2011 CA 57;
    b. 5D12-629;
    c. 2010 CA 001808;
    d. 5D12-879;
    e. 2011 CA 000251;
    f. 5D12-996;
    g. 2011 CA 000458;
    h. 5D12-1107;
    i. 2010 CA 002193;
    j. 5D12-1256;

Appendix 2 Page 2 of 8

*Robert MacLeod*
*Order Declaring Robert MacLeod a Vexatious Litigant*

    k. 2011 CA 000112;
    l. 5D12-413;
    m. 5D12-415;
    n. 2011 CA 000057;
    o. 5D12-665
    p. 5D12-666
    q. 5D11-3042
    r. 2011 CA 000057
    s. 5D12-701
    t. 2011 CA 001025).

6. That *pro se* litigant ROBERT MACLEOD has not paid filing fees for these lawsuits, resulting in the forgiveness of filing fees in the amount of at least $4,070.00 by the Clerk of Court in Flagler County.

7. And whereas it is apparent that *pro se* litigant MACLEOD has filed numerous actions, wherein he has pled irrelevant and frivolous allegations, and that he has and will continue to harass the opposing parties and this Court, furthermore

8. That *pro se* litigant ROBERT MACLEOD has unnecessarily consumed the time of Court personnel, including Clerks of the Courts, Judges and Justices, Judicial Assistants, Law Clerks and Bailiffs and has thus substantially upset and interfered with the normal procedures of the Court. In sum, he has continuously disrupted this Court by repeatedly harassing Court personnel, by filing numerous untenable and irrelevant claims, by lacking the requisite basic knowledge of the judicial system and by other conduct designed to impede and obstruct the administration of the judiciary in utter disregard for its integrity, and furthermore,

Appendix 2 Page 3 of 8

9. That *pro se* litigant ROBERT MACLEOD's interference with this Court has caused other litigants to be deprived of an opportunity to resolve their worthy grievances expeditiously.

10. And where it is clear that *pro se* litigant ROBERT MACLEOD will continue to file frivolous pleadings in pending and future cases if allowed to invoke the jurisdiction of this Court as a *pro se* litigant.

11. That *pro se* litigant ROBERT MACLEOD's conduct constitutes an abuse of the *pro se* right of access to the court system so as to substantially interfere with the effective administration of justice.

12. That *pro se* litigant ROBERT MACLEOD has intentionally and unduly disrupted the proper administration of justice in this Circuit through the filing of frivolous claims and abuse of the Court's procedure. In light of this conduct, this Court deems the instant Order necessary to remedy existing abuse and prevent further abuse.

13. IT IS this Court's duty to prevent further unreasonable claims from being filed for the sake of litigiousness rather than the proper vindication of rights;

14. That *pro se* litigant ROBERT MACLEOD has filed a response to the Order to Show Cause issued by this Court and in his response he has failed to show a legal basis for his actions and therefore, based on the foregoing, it is hereby

*Robert MacLeod*
*Order Declaring Robert MacLeod a Vexatious Litigant*

## ORDERED AND ADJUDGED

In the exercise of this Court's inherent power and responsibility to control court procedure and prevent abuse and interference with the administration of justice, this Court orders that the Clerks of the Courts in Flagler County, Putnam County, St. Johns County, and Volusia County observe the following with respect to *pro se* litigant ROBERT MACLEOD:

1. ROBERT MACLEOD is prohibited from appearing in propia persona (*pro se*) in all pending and future civil claims, actions or petition in any division of Circuit or County Court in the Seventh Judicial Circuit (including Flagler, Putnam, St. Johns and Volusia Counties);

2. That ROBERT MACLEOD's pending cases in which he is a plaintiff, petitioner, counter-claimant be dismissed, and that he be barred from filing further pleadings with the Offices of the Clerks of the Court, unless he causes counsel (a member of the Florida Bar in good standing) to file and serve a notice of appearance of counsel within 20 days of the date of this order; furthermore, ROBERT MACLEOD shall have counsel sign all of his pleadings and papers and appear on his behalf in all of his pending and future cases filed in the Seventh Judicial Circuit of Florida;

3. That ROBERT MACLEOD's pending civil actions in the Seventh Judicial Circuit in which he is a plaintiff or petitioner or counterclaimant be dismissed and that he be barred from filing further

pleadings with the Offices of the Clerks of the Court unless the filing fee is paid within 20 days of the date of this order;

4. That ROBERT MACLEOD shall furnish security, as defined in section 68.093(2)(c), in an amount of $1,500.00, in all pending and future actions filed by him, including any case in which he has filed a counter-claim or a cross claim.

5. That ROBERT MACLEOD is prohibited from filing any new actions in the Seventh Judicial Circuit unless they are legitimate, accompanied by the appropriate filing fee, security, filed and signed by counsel (a member of the Florida Bar in good standing); and

6. That any future cases in which ROBERT MACLEOD attempts to proceed in a *pro se* capacity as either a Plaintiff or Petitioner or Counter-claimant be denied filing by the Clerk of Court.

7. That ROBERT MACLEOD is designated a Vexatious Litigant pursuant to section 68.093, Florida Statutes 2011, and thereby is prohibited from filing and/or maintaining any action in the Seventh Judicial Circuit of Florida, unless the action filed and/or maintained is prosecuted by counsel (a member of the Florida Bar in good standing).

A copy of this Order is to be filed in every case listed in Appendix A of this Order.

A copy of this Order is to be filed and recorded in the following counties: Flagler, Putnam, St. Johns and Volusia County.

*Robert MacLeod*
*Order Declaring Robert MacLeod a Vexatious Litigant*

A copy of this Order is to be filed with the Clerk of the Court, Thomas D. Hall, Florida Supreme Court.

DONE AND ORDERED in Chambers at the Volusia County Courthouse, 101 North Alabama Avenue, DeLand, FL, Volusia County, Florida, this 13th day of May, 2013.

RAUL A. ZAMBRANO
CIRCUIT JUDGE

Copies To:
    ROBERT C. MACLEOD
    All Counsel for Defendants and Plaintiffs in Appendix A of this Order
    William Parsons, Chief Judge
    Gail Wadsworth, Clerk of the Court, Flagler County, Florida
    Tim Smith, Clerk of Court, Putnam County, Florida
    Cheryl Strickland, Clerk of Court, St. Johns County, Florida
    Dianne Matousek, Clerk of Court, Volusia County, Florida
    Pamela Masters, Clerk of Court, Fifth District Court of Appeal
    Thomas D. Hall, Clerk of the Court, Florida Supreme Court

*Robert MacLeod*
*Order Declaring Robert MacLeod a Vexatious Litigant*

# APPENDIX "A"

1. Robert C. MacLeod v. Citibank, N.A.; 2010 CA 002193

2. Robert C. MacLeod v. Flagler County; 2011 CA 000057

3. Robert C. MacLeod v. State Attorney; 2011 CA 000112

4. Robert C. MacLeod v. Raul Zambrano – Circuit Judge; 2011 CA 001104

5. Robert C. MacLeod v. Flagler County School District; 2011 CA 000129

6. Robert C. MacLeod v. Gail Wadsworth Clerk of the Court; 2011 CA 000349

7. Robert C. MacLeod v. Publix; 2011 CA 000458

8. Robert C. MacLeod v. Seventh Judicial Circuit; 2011 CA 001025

9. Robert C. MacLeod v. Publix; 2012 CA 000669

10. Robert C. MacLeod v. M&T Bank; 2012 CA 001156

11. Citibank, N.A. v. Robert C. MacLeod; 2009 CC 000886

12. Citibank (South Dakota) v. Robert C. MacLeod; 2009SC 000817

13. Wells Fargo Bank, N.A. v. Robert C. MacLeod; 2010 CA 001808

# APPENDIX 3

June 5th, 2013 Letter from Flagler County Clerk Denying Filing of 42 USC § 1983 Lawsuit for Constitutional Challenges to the Proceedings in the State Court Forum



# GAIL WADSWORTH, Clerk of the Circuit Court

1769 East Moody Blvd., Building #1 • Bunnell, Florida 32110
Website: www.flaglerclerk.com

June 5, 2013

Robert Craig Macleod
34 Russman Lane
Palm Coast, FL 32164

Mr. Macleod:

I am writing in response to your request for written documentation acknowledging our failure to accept your case filing in our office today.

It is the duty and intent of the Office of the Clerk of the Circuit Court (Flagler County, Florida) to adhere and abide by all Judicial Orders issued in the State of Florida and the 7th Judicial Circuit. Please see the attached Judicial Order and the sections indicated in yellow which preclude our office from fulfilling your request.

Please direct any further questions or comments regarding this matter directly to me.

Sincerely,

Tom Bexley
Chief Deputy
Clerk of the Circuit Court

Appendix 3 Page 1 of 1